IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher R. Nowlin, ) | Case No.: 4:24-cv-03983-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United Parcel Service (UPS), Michael ) | |
| Hendricks Briggs, Preload Supervisor, Kent ) | |
| Logan Carpenter, Former Supervisor, ) | |
| Weston Deas, Supervisor, Barnabus ) | |
| Sumpter, Central Manager, Cross Herbert, ) | |
| Jacob Dubose, William Jab Green, and ) | |
| Jamison Herring, in their official and ) | |
| individual capacities, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, (DE 16) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendants' Motion to Dismiss Plaintiff's complaint (DE 8).[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff filed the initial Complaint on July 17, 2024 (DE 1), and subsequently filed an Amended Complaint on August 13, 2024 (DE 5). (DE 16 at 2.) Under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was required to serve the Amended Complaint by November 12, 2024. (*Id.*) On February 19, 2025, Defendants moved to dismiss the action under Rules 12(b)(4) and 12(b)(5), asserting that no proof of service had been filed and that, to their knowledge, no Defendant had been served by the Rule 4(m) deadline. (*Id.*)

In response, Plaintiff submitted evidence that service on Defendants United Parcel Services (UPS) ("UPS") and Weston Deas ("Deas") was attempted via certified mail, restricted delivery, on August 26, 2024, and that both deliveries were signed for by Deas. (*Id.*; see also DE 11-1.) Plaintiff also stated that mail addressed to the remaining Defendants was returned as unclaimed on September 23, 2024. (DE 16 at 2; DE 11-3.) Thereafter, on October 1, 2024, Plaintiff forwarded summonses and the Amended Complaint to the Florence County Sheriff's Office for personal service at the same address but was informed on December 12, 2024, that service had failed. (DE 16 at 2–3; DE 11-4.)

Plaintiff subsequently obtained personal addresses for the remaining Defendants and submitted service packets to the appropriate county sheriff's offices on December 30, 2024. (DE 16 at 3; DE 11-5.) He received affidavits reflecting successful service on Defendants Cross Herbert (January 29, 2025) and Jamison Herring ("Herring") (January 23, 2025), although service on Herring was accepted by a third party. (DE 16 at 3; DE 11-6.) Plaintiff also received affidavits indicating

2

nonservice for Defendants Michael Hendricks Briggs and Kent Logan Carpenter. (DE 16 at 3; DE 11-7.) No affidavits of service or nonservice were filed for Defendants Dubose, Sumpter, or Green. (DE 16 at 3.)

In their reply, Defendants contend that service on UPS was improper under applicable corporate service rules, noting that its registered agent is Corporation Service Company at an address different from the one used by Plaintiff. (DE 16 at 3–4; DE 12-1.) While Defendants acknowledge that service on Deas appears proper, they assert that the remaining Defendants were not timely or properly served. (DE 16 at 4.)

### B. Report and Recommendation

On June 3, 2025, the Magistrate Judge issued the Report finding that Plaintiff timely served Defendants UPS and Weston Deas on August 26, 2024, within the ninety-day period mandated by Federal Rule of Civil Procedure 4(m). (DE 16 at 4-5.) However, the Magistrate Judge found that service upon UPS was improper under both Rule 4(e)(1) of the Federal Rules of Civil Procedure and South Carolina Rule of Civil Procedure 4(d)(8), because Plaintiff served UPS via certified mail at an address that was not the office of its registered agent, as required by South Carolina law. (DE 16 at 7.)

With respect to the remaining Defendants—Herbert, Herring, Carpenter, Briggs, Dubose, Sumpter, and Green—the Magistrate Judge found that Plaintiff did not effect service within the time required by Rule 4(m), despite multiple attempts by certified mail and through local sheriff's offices. (DE 16 at 5-6.) The Magistrate Judge

3

further observed that although Plaintiff made several diligent efforts and experienced delays partly due to external factors, he did not inquire about the status of these service attempts before the Rule 4(m) deadline expired, nor did he seek an extension of time during that period. (DE 16 at 6.)

Nevertheless, the Magistrate Judge concluded that given Plaintiff's documented efforts to serve these Defendants, the absence of evidence of intentional delay, and the strong preference to resolve cases on their merits, it would be in the interests of justice to deny Defendants' motion to dismiss. (DE 16 at 8.) The Magistrate Judge therefore recommended quashing the improper service on UPS and granting Plaintiff an additional thirty days to effectuate proper service on UPS, Herring, Herbert, Carpenter, Briggs, Dubose, Sumpter, and Green. (DE 16 at 8.)

No party has filed objections to the Report and Recommendation, and the time for doing so has expired. In the absence of objections, the Court is not required to provide *de novo* review of a magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Rather, "a district court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (citation omitted).

### C. Conclusion

The Court has reviewed the Report and Recommendation and finds no clear error. Accordingly, the Court adopts the Report and Recommendation (DE 16) in full.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (DE 8) is DENIED.

**IT IS FURTHER ORDERED** that that the attempted service upon Defendant United Parcel Service (UPS) is **QUASHED**. Plaintiff is hereby granted an additional thirty (30) days from the date of this Order to effect proper service upon Defendants UPS, Herring, Herbert, Carpenter, Briggs, Dubose, Sumpter, and Green in accordance with the Federal Rules of Civil Procedure.

Failure to complete service within this period may result in the dismissal of the unserved Defendants pursuant to Rule 4(m) without further notice.

**IT IS SO ORDERED.**

*[signature]*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 11, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.