IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER R. NOWLIN, | ) | Civil Action No. 4:24-cv-03983-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| UNITED PARCEL SERVICE (UPS), | ) | |
| MICHAEL HENDRICKS BRIGGS, | ) | |
| Preload Supervisor, KENT LOGAN | ) | |
| CARPENTER, Former Supervisor, | ) | |
| WESTON DEAS, Supervisor, | ) | |
| BARNABUS SUMPTER, Central | ) | |
| Manager, CROSS HERBERT, JACOB | ) | |
| DUBOSE, WILLIAM JAB GREEN, | ) | |
| and JAMISON HERRING, in their | ) | |
| official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina (DE 33), concerning Defendants' Motion to Dismiss the Amended Complaint (DE 29) as to Defendants United Parcel Service, Inc., Michael Hendricks Briggs, Kent Logan Carpenter, and William Jab Green (collectively, the "Defendants") for insufficient service of process.[1] The Report recommends that the motion be granted. (DE 33.)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The

1

Plaintiff Christopher R. Nowlin ("Plaintiff") filed an objection (DE 34), and Defendants filed a reply (DE 35). Having carefully reviewed the Report, the parties' objections, and the record, the Court adopts the Report (DE 33) in full and grants Defendants' Motion to Dismiss (DE 29) as to the unserved Defendants, who are dismissed from this action without prejudice, and the case shall proceed against the remaining defendants.

## I.    BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. The Court provides this summary as a brief background.

### A.    Factual Background

Plaintiff filed an Amended Complaint asserting employment-related claims arising out of his separation from employment, including race discrimination/hostile work environment and retaliation. (DE 5.) Plaintiff alleges that he was employed by Defendant United Parcel Service (UPS) and that various supervisory employees engaged in conduct that resulted in the termination of his employment and violated his statutory rights. (*Id.*) The Amended Complaint names both the employer and several individual employees as defendants and seeks damages and other relief. (*Id.*)

### B.    Procedural Posture

Plaintiff initiated this action by filing the Complaint on July 17, 2024, and later filed the Amended Complaint on August 13, 2024. (DE 1; DE 5.) Summonses were

---

court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

issued thereafter as to the non-moving defendants. (DE 4.) Under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was required to effect service of the Amended Complaint within ninety days of its filing.

On February 19, 2025, Defendants United Parcel Service, Inc., Michael Hendricks Briggs, Kent Logan Carpenter, Weston Deas, Barnabus Sumpter, William "Cross" Herbert, Jacob Dubose, William Green, and Jamison Herring moved to dismiss the action pursuant to Rules 12(b)(4) and 12(b)(5), asserting insufficient service of process. (DE 8.) By Order entered July 11, 2025, the Court denied the motion to dismiss, quashed the attempted service on United Parcel Service as improper, and granted Plaintiff an additional thirty days in which to effect proper service on Defendants. (DE 22.) The Court expressly advised Plaintiff that failure to complete service within that period could result in dismissal of any unserved defendants pursuant to Rule 4(m). (*Id.*)

Defendants, who remained unserved, thereafter filed the present Motion to Dismiss for insufficient service of process. (DE 29.) Plaintiff filed a response in opposition, based in part on Plaintiff counsel's Notice of Request for Protection from Court Appearance (DE 20), seeking protection from "all court appearances, deadlines, and legal proceedings in this case from July 1, 2025, through August 1, 2025, due to a medical condition that has hindered the attorney's ability to perform professional duties." (DE 30.) Defendants filed a reply. (DE 31.)

## II.     REPORT AND RECOMMENDATION

On December 31, 2025, the Magistrate Judge issued the present Report recommending that the motion to dismiss be granted. (DE 33.) Plaintiff filed objections to the Report (DE 34), and Defendants filed a reply to those objections. (DE 35.) The matter is now before the Court for review.

In the Report, the Magistrate Judge recommends that Defendants' Motion to Dismiss be granted based on Plaintiff's failure to effect proper service within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. (DE 33.) The Report explains that, although the Court previously afforded Plaintiff an additional thirty days to properly serve the moving Defendants, Plaintiff failed to complete service within that extended period. (*Id.*; DE 22.)

The Report further concludes that Plaintiff failed to demonstrate the diligence required to establish good cause under Rule 4(m). In particular, the Magistrate Judge noted that Plaintiff relied on a "Notice of Request for Protection from Court Appearance" filed by counsel but mischaracterized that filing as an order of the Court excusing compliance with deadlines. (DE 33.) The Report explains that no such order was entered and that, even assuming counsel's requested protection period extended through August 1, 2025, Plaintiff still had time remaining before the August 11, 2025, service deadline to effect service or seek an additional extension. (*Id.*) The Report further observes that the record contains no evidence that Plaintiff attempted service during that remaining period or thereafter, nor did Plaintiff move for additional time before the deadline expired. (*Id.*)

4

In light of these circumstances, the Magistrate Judge concluded that Plaintiff had not demonstrated good cause for failing to timely effect service and that the circumstances did not warrant a further discretionary extension of the Rule 4(m) deadline. Accordingly, the Report recommends that the Amended Complaint be dismissed as to Defendants United Parcel Service, Inc., Michael Hendricks Briggs, Kent Logan Carpenter, and William Jab Green. (*Id.*)

### III.    LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### IV.    OBJECTIONS

The Court has conducted a de novo review of those portions of the Report to which specific objection has been made. As the Report correctly explains, the Court previously quashed Plaintiff's earlier attempt at service and granted Plaintiff an

additional thirty days in which to properly serve Defendants, expressly advising that failure to do so could result in dismissal under Rule 4(m). (DE 22; DE 33.) The dispositive question addressed in the Report is whether Plaintiff effected proper service within that extended period.

Plaintiff's objections recount several attempts to serve Defendants through certified mail and through sheriff's offices in various counties and assert that Defendants may have been avoiding service. (DE 34 at 6–7.) However, those efforts largely concern attempts made prior to the Court's July 11, 2025, Order granting Plaintiff an additional thirty days to complete service. Plaintiff's objections do not identify any proof of service demonstrating compliance with Rule 4 during the extended service period ordered by the Court.

Instead, Plaintiff again relies on his prior efforts, asserting there is "good cause for failing to serve Defendants Briggs, Carpenter, and Green" because "every reasonable means was taken to serve the Defendants to no avail even after diligent searches were made to find Defendants Briggs, Carpenter, and Green after Plaintiff's Counsel's Order of Protection from the Court, dated beginning on July 1 until August 1, had expired." (DE 34 at 8.) As the Report explains, however, similar attempts were previously found to be insufficient, and the existence of actual notice does not cure a failure to comply with the service requirements. (DE 33.)

The Report further notes that Plaintiff's request for protection from court appearances ended on August 1, 2025, while the deadline for service expired on August 11, 2025. (*Id.*) Thus, Plaintiff retained time to effect service or seek an

additional extension from the Court. The record contains no evidence that Plaintiff attempted service during that remaining period, prior to Defendants filing the present motion on August 25, 2025, or thereafter. Nor did Plaintiff seek additional time to complete service before the deadline expired. Accordingly, Plaintiff's reliance on earlier attempts at service does not establish good cause or otherwise warrant a further extension under Rule 4(m).

Plaintiff also argues that his multiple attempts at service and Defendants' alleged notice of the action warrant allowing the case to proceed against the unserved Defendants. (DE 34.) The Report specifically considered whether Plaintiff established good cause or whether a further discretionary extension was appropriate and concluded that neither was warranted in light of the additional time already granted and Plaintiff's failure to properly serve Defendants during that period. (DE 33.) Plaintiff's objections do not identify new facts regarding service during the extension period or any other basis that would alter that determination.

Having reviewed the record, the Court agrees with the Magistrate Judge's analysis. Plaintiff was afforded an extension of time to complete service and was expressly advised of the consequences of failing to do so. Despite that extension, proper service was not effected, and Plaintiff has not shown good cause for a further enlargement of time. Accordingly, the objections are overruled.

## V.     CONCLUSION

Accordingly, after a thorough review of the Report and Recommendation, the objections, the record, and the applicable law, the Court overrules Plaintiff's objections (DE 34) and adopts the Report (DE 33) in its entirety. Defendants' Motion to Dismiss (DE 29) is granted.

IT IS, THEREFORE, ORDERED that the Amended Complaint is dismissed *without* prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure as to Defendants United Parcel Service (UPS), Michael Hendricks Briggs, Kent Logan Carpenter, and William Jab Green. The case shall proceed against the remaining defendants.

**IT IS SO ORDERED**.

Florence, South Carolina
March 18, 2026

Joseph Dawson, III
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.